MICHAEL SOPKO, Landlord, *v.* LEONARD TRISTANO, Tenant.

Municipal Court of the City of New York, Borough of Queens, December 2, 1948.

*Max Epstein* for landlord.

*S. Charles Imbergamo* for tenant.

MORRIS, J. In this proceeding it is agreed that the space occupied by the tenant was not occupied for business as of the freeze date of June 1, 1944, and that the lease given to the tenant was for the space in question as business space. In view of the language of chapter 314 of the Laws of 1945, if business space was not used or occupied as such on June 1, 1944, the '' emergency rent '' in each particular case can be determined only after the reasonable rent as of the respective freeze date has been fixed on the basis of comparability or other satisfactory evidence. In such an instance the calculation of the '' emergency rent '' involves a mathematical process of adding 15% to the amount of the reasonable rent. The landlord may agree on the amount of such reasonable rent or have such amount fixed by arbitration and failing in either or both of the above two methods, the Supreme Court may be petitioned to fix the same. It has been held that where, on March 1, 1943, insofar as the statute refers to

commercial space, the tenant's commercial space was occupied by the landlord and no rent therefor was charged such space is " unused and unoccupied " space within the meaning of the emergency rent statutes. The " emergency rent " therefore must be fixed on the basis of comparability or other satisfactory evidence. (*Matter of Zellner,* 70 N. Y. S. 2d 114, reversed on other grounds 270 App. Div. 941; 273 App. Div. 906.)

Therefore, where the present unit of space has been changed since the freeze date thereof, the " emergency rent " can be determined only on the basis of comparability or other satisfactory evidence rather than adding 15% to the rent paid on said freeze date. It has been held that where an agreement exists between the landlord and the tenant fixing the reasonable rent such agreement must incorporate for the rental space it embraces the reasonable rent therefor as of the respective freeze date determined upon the basis of the most nearly comparable space (*Logan* v. *Sherman,* 188 Misc. 1023; *Logan* v. *Egan,* 70 N. Y. S. 2d 425) and so it has been held that a lease which only contains a stipulated rental is not an agreement fixing an " emergency rent ". (*Flo-Ru-Na, Inc.,* v. *Zimmerman,* 185 Misc. 759.) The last cited case is of the Appellate Term, Second Department, and contains the following language: " The landlord presented no evidence to sustain its burden of proof under the Commercial Rent Law  *  *  *  that ' the rent charged is not greater than the emergency rent for such commercial space.' "

It would appear from the cases cited that a lease should contain in some way some language or stipulation to the effect that the reasonable rental value of the demised premises would have been as of the freeze date a certain sum and that such sum plus 15% thereof constituted the emergency rent of the demised premises which the tenant expressly agreed to pay (*Blondell Service Stations, Inc.,* v. *Tarasco,* 72 N. Y. S. 2d 69).

In the instant case the only language in the lease is the following: " It is agreed that the reasonable rental of the premises is the rental set forth herein." The rental set forth in the lease is $1,500 a year or $125 a month. Nowhere in the lease is there any reference to the effect that the reasonable rental value of the demised premises would have been as of the freeze date $125 a month or that the reasonable rental value of the demised premises as of the freeze date would have been $1,500 a year.

In the court's opinion the language quoted from the lease does not comply with chapter 314 of the Laws of 1945 and the petition is dismissed, without prejudice to whatever rights the landlord may otherwise have or be advised.